IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 2:12-CV-29-FL

| | | |
|---|---|---|
| YVETTE MICHELE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 22, 23).[1] Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability and Supplemental Security Income ("SSI") payments. The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the court grants plaintiff's motion for judgment on the pleadings, denies defendant's motion for judgment on the pleadings and remands the case to defendant for further proceedings consistent with this opinion.

**BACKGROUND**

Plaintiff filed an application for a period of disability and SSI on July 16, 2009, alleging disability beginning January 1, 2007. R. 98. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

that plaintiff was not disabled during the relevant time period in a decision issued September 1, 2011. R. 15. On March 15, 2012, the Appeals Council ("AC") denied plaintiff's request for review, rendering the ALJ's determination defendant's final decision. R. 5. Plaintiff filed complaint in this court on May 16, 2012, for review of the final administrative decision.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Applying the sequential evaluation process, the ALJ found plaintiff not disabled. At step one, the ALJ found that plaintiff was not engaged in gainful employment. R. 20. At step two, the ALJ found that plaintiff had the following severe impairment: chronic low back pain. R. 20. However, at step three, the ALJ further determined that this impairment was not severe enough to meet or medically equal one of the impairments in the regulations. R. 21. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with some physical limitations. R. 21. The ALJ then determined that plaintiff did not have any past relevant work experience, so that transferability of job skills was not at issue. R. 24-25. However, at step five, the ALJ determined that plaintiff is capable of adjusting to the demands of other employment opportunities existing in significant numbers in the national economy. R. 25. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period. R.26.

B.  Analysis

The first issue raised by the parties in their motions for judgment on the pleadings is the AC's treatment of an October 18, 2011, decision of North Carolina's Department of Health and Human Services ("NCDHHS") as to plaintiff's eligibility for Medicaid. R. 335-38.

"Decisions by other agencies as to the disability status of a Social Security applicant are considered so probative that the ALJ is required to examine them in determining an applicant's eligibility for benefits." Alexander v. Astrue, 5:09-CV-432-FL, 2010 WL 4668312 (E.D.N.C. Nov. 5, 2010) (remanding the case to defendant for consideration of an NCDHHS Medicaid Ruling). Defendant must "give substantial weight to [another agency's] disability rating," unless some exceptional circumstance in the record clearly demonstrates that less weight would be appropriate. Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012) (remanding the case to

defendant for re-consideration of a VA disability rating, which was not given adequate weight). Furthermore, defendant must state what weight that decision is given in its analysis. Alexander, 2010 WL 4668312, at *4.

In this case, the ALJ did not consider the NCDHHS Medicaid Determination because it was presented to defendant initially upon review of the ALJ's determination by the AC. R. 8. The AC gave no indication as to what weight it accorded the NCDHHS Medicaid Determination, which listed several impairments in addition to the chronic low back pain found by the ALJ. R. 336-37. Thus, the court must remand to defendant to give appropriate consideration to the NCDHHS Medicaid Determination. See Bird, 699 F.3d at 346. In light of this determination, the court does not reach plaintiff's other assignments of error.

## CONCLUSION

For the reasons stated above, the court GRANTS plaintiff's motion for judgment on the pleadings (DE 22), DENIES defendant's motion for judgment on the pleadings (DE 23), and REMANDS to the Commissioner for further proceedings consistent with this order. The clerk is directed to close this case.

SO ORDERED this the 1st day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge